**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5147

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN HOMER COGDELL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:05-cr-00270)

Submitted: June 6, 2007          Decided: July 11, 2007

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Jonathan A. Vogel, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Homer Cogdell pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to forty-six months in prison. Cogdell's guilty plea was conditioned on his right to appeal the district court's denial of his motion to suppress firearms seized after a search of Cogdell's home and garage. On appeal, Cogdell challenges only the district court's denial of his motion to suppress, claiming police threatened him with arrest if he refused to consent to the search and that the totality of the circumstances compelled the conclusion Cogdell's consent to the search was involuntary. We affirm.

Whether a defendant's consent to a search is voluntary is a factual question determined under the totality of the circumstances and reviewed under the clearly erroneous standard. See Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973); United States v. Jones, 356 F.3d 529, 533 n.* (4th Cir. 2004). The Government has the burden of proving that consent was freely and voluntarily given. Schneckloth, 412 U.S. at 222. When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. See United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

Despite Cogdell's claim he felt coerced into consenting to the search, no evidence was introduced at the suppression

hearing that suggested the officers used coercive tactics to gain his consent. See United States v. Mendenhall, 446 U.S. 544, 558 (1980) (finding that courts should consider age, maturity, and intelligence of defendant in determining whether consent to search was voluntary); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc) (same; noting that "conditions under which the consent to search was given" are also relevant). Rather, the evidence established that Cogdell was a forty-one year old man who had extensive experience dealing with law enforcement since he had several prior arrests and gave police consent to search his home five times in the year and a half prior to the July 2004 search. The evidence also established that officers came to Cogdell's home in the daytime, in plain clothes, and never brandished their weapons, and that police calmly asked Cogdell to step outside where they spoke to him for a brief time in a normal tone of voice.

We find the mere fact police informed Cogdell at the beginning of their "meeting" that there was an outstanding warrant for his arrest did not render Cogdell's subsequent consent to the search involuntary. First, police truthfully informed Cogdell of the arrest warrant's existence. See United States v. Pelton, 835 F.2d 1067, 1072-73 (4th Cir. 1987) (holding that coercion does not exist merely because law enforcement informs a suspect of truthful, yet unpleasant, circumstances). In any event, Cogdell was already aware of the warrant's existence when police came to his home on

July 9, 2004. Moreover, the evidence established that police informed Cogdell about the warrant as they were discussing Cogdell's willingness to provide police information about the drug conspiracy they were investigating, and not later in the conversation when they were asking permission to search Cogdell's home. After requesting Cogdell's permission to search his home, police informed Cogdell their ability to search his home was up to him, but Cogdell nonetheless consented. Moreover, the fact that Cogdell stated he might not cooperate in the investigation of the drug conspiracy lends support to the conclusion he did not feel coerced when dealing with the police.

Based on the foregoing, we find that, under the totality of the circumstances, the district court properly found Cogdell voluntarily consented to the search of his garage and home. Accordingly, we affirm the court's denial of Cogdell's motion to suppress and Cogdell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED